UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON PAUL HEINZE,<br><br>                Petitioner,<br><br>v.<br><br>PAM SONNEN,[1]<br><br>                Respondent. | Case No. 1:11-CV-00180-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus and Motion to Expedite filed by Petitioner Jason Paul Heinze (Petitioner). (Dkt. 1, 9.) Earlier in this matter, United States Magistrate Judge Mikel H. Williams issued an Initial Review Order notifying Petitioner that his Petition appeared subject to dismissal. (Dkt. 7.) Petitioner has filed an Affidavit in response to the Order. (Dkt. 8.)

The Court now reviews the record to determine whether the Petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Petitioner is currently housed at Southern Idaho Correctional Center (SICI). Accordingly, the Court substitutes SICI Warden Pam Sonnen as respondent in this case. Failure to name a proper respondent in a habeas corpus case deprives the court of personal jurisdiction over the matter. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (a petitioner's failure to name the appropriate respondent deprives the court of personal jurisdiction). The "State of Idaho" and "Ada County" are not a proper respondents in a habeas corpus action. *See Smith v. Idaho*, 383 F.3d 934, 937 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 1**

# REVIEW OF PETITION, INITIAL REVIEW ORDER, AND AFFIDAVIT

**1.      Standard of Review**

A habeas corpus petition must allege that the petitioner is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Upon the filing of a habeas corpus petition, the Court is required to review the petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases.

Summary dismissal of the petition is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*. Judge Williams has analyzed each legal ground upon which Petitioner asserts entitlement to relief. This Court agrees with Judge Williams's thorough analysis of the laws as they apply to Petitioner's claims.

The conviction at issue is one count of forgery, to which Petitioner pled guilty in the Fourth Judicial District Court in Ada County, Idaho in Case No. CR-FE-2004-0000129 (formerly Case No. H0400129). In Petitioner's Affidavit, he avers that he was sentenced under the Unified Sentencing Act to a term not to exceed six years. He violated his probation twice, the second time in 2006, at which time his probation was revoked. Petitioner requested either credit for time spent on probation or refund of the cost of supervision at the time of revocation. The State declined to do either, requiring him to serve his original prison term with no credit for time served on probation and no refund of costs.

In his Petition for Writ of Habeas Corpus, Petitioner alleges constitutional violations arising from the revocation, including failure of the State to credit his sentence with 750 days spent on probation and/or to refund the money spent on parole supervision.

**2.     Discussion**

While it appears that Petitioner has not exhausted his state court remedies properly before filing his federal Petition, the Court agrees with Judge Williams that it is more judicially efficient in this case to address the merits of Petitioner's claims rather than address the preliminary procedural issue of exhaustion. *See* 28 U.S.C. § 2254(b)(2). To obtain federal habeas corpus relief from a state court judgment, where the facts are not at issue and the petitioner is asserting that he is entitled to relief as a matter of law, the petitioner must show that the state court's adjudication of the merits of his federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In his argument presented in the Affidavit (Dkt. 8), Petitioner confuses the liberal standard for pleading with the strict standard for habeas corpus relief. While Petitioner is given much leeway in the manner in which he brings his claims, he cannot obtain relief unless he meets the statutory standard, which is a showing that his conviction is contrary to clearly established federal law, as determined by the United States Supreme Court. Because the Court is aware that inmates do not have access to legal research materials,

the Court independently researches the questions presented in each petition to ensure that the petition is decided correctly.

### A. *Supremacy Clause*

Petitioner argues that the failure of the State to credit his sentence with time spent on probation is a violation of the Supremacy Clause of the United States Constitution. *See* Art. VI, § 2. The Supremacy Clause provides that, where state and federal laws conflict, federal laws are given preference over state laws. *Altria Group, Inc. v. Good*, 550 U.S. 70 (2008).

As Judge Williams noted, this Court is not aware of any United States Supreme Court precedent entitling Petitioner to habeas corpus relief on the ground that failing to credit a sentence with probation or parole violates principles of federal law. Neither has Petitioner shown that there is a conflict between state and federal laws, such that application of the Supremacy Clause would be invoked.

The law is clear that there is no constitutional or federal right to probation or parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). Rather, probation or parole are creatures of state statute. *See Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). Because Petitioner cannot show the manner in which his sentence is being executed is contrary to federal law, as interpreted by the United States Supreme Court, his Supremacy Clause claim fails.

### B. *Double Jeopardy*

Petitioner also uses the same facts to assert a Double Jeopardy argument. He adds that probation time credit has been withheld from him not once, but twice. Petitioner has not provided any United States Supreme Court case law supporting his position, and, upon its own review of the law, the Court is unaware of any case law that supports Petitioner's contention. Petitioner's citation to a case issued by the United States Court of Appeals for the Ninth Circuit does not aid his cause. While circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent, the source of clearly established federal law must come from the holdings of the United States Supreme Court *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

The only similar case law from the United States Supreme Court cuts against Petitioner's arguments. In *Roberts v. United States*, 320 U.S. 264, 272-73 (1943), the Court agreed that the Probation Act permitted the district court to impose the original two-year sentence after probation was revoked, but the Court held that the district court could not impose a *new* three-year sentence. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), a case addressing the due process rights that must be afforded a parolee facing potential parole revocation, the Court acknowledged: "If a parolee is returned to prison, he usually receives no credit for the time 'served' on parole. Thus, the returnee may face a potential of substantial imprisonment." *Id*. at 480. Again, because there is no United States Supreme Court precedent supporting an argument that forfeiture violates the

**MEMORANDUM DECISION AND ORDER - 5**

Double Jeopardy Clause in either a probation or parole setting, Petitioner is not entitled to relief on this claim.

C. *Cruel and Unusual Punishment*

Petitioner cannot rely on federal circuit or district court cases to assert entitlement to habeas corpus relief under the Eighth Amendment Cruel and Unusual Punishment Clause, because no United States Supreme Court case law exists to support his claim. In addition, courts that have addressed the similar issue of parole forfeiture have concluded that there is no Eighth Amendment violation because the sentence is not "increased or extended," but "merely . . . interrupted and deferred by the fact of [a] conditional release." *Woods v. Steiner*, 207 F. Supp. 945, 952 (D. Md. 1962); *see also Weathers v. Willingham*, 356 F.2d 421 (10th Cir. 1966).

D. *Bill of Attainder*

In the Petition for Writ of Habeas Corpus, Petitioner asserted that the manner in which his sentence is being executed violates the Bill of Attainder Clause, specifically, Article 1, § 10 of the Constitution. He now admits that he has no Bill of Attainder argument, but argues that "modification by extending the length of his sentence is a letter of Reprisal." (Affidavit, Dkt. 8 at 3.) Petitioner's "Letters of Reprisal argument is farther from the mark than his Bill of Attainder argument:

> Article I, Section 8 of the United States Constitution states that "Congress shall have the Power To ... grant Letters of Marque and Reprisal, and make Rules concerning Captures on Land and Water." The power to grant letters of marque and reprisal gives Congress the sole authority to commission privateers. "The privateer, as understood at the outbreak of the war for

> American independence, was a ship armed and fitted out at private expense for the purpose of preying on the enemy's commerce to the profit of her owners, and bearing a commission, or letter of marque [and reprisal], authorizing her to do so, from the Government." Although the United States used privateers extensively from the period extending from the Revolutionary War through the War of 1812, Congress did not issue any letters of marque and reprisal after the War of 1812.

Note, *A Check on Faint-Hearted Presidents: Letters of Marque and Reprisal*, 66 WLLR 895, 896-97 (2009). No relief is warranted based on this inapplicable provision.

### E. *Takings Clause*

Petitioner alleges that failure of the State to reimburse him for his past probation supervision costs is a violation of the Takings Clause. The Court disagrees. The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Court has found no United States Supreme Court precedent prohibiting the government from refusing to refund probation or parole supervision costs when a person violates probation or parole.

When Petitioner was granted probation, he agreed to pay for the State to supervise him. The State, in fact, supervised him. Therefore, Petitioner received a service for the payment made, and the fact that the probation is now concluded unsuccessfully does not warrant refund of the probation supervision cost, because Petitioner used the service at the time of probation.

### 3. Conclusion

Based on all of the foregoing, the Court concludes that Petitioner's Petition for Writ of Habeas Corpus is without merit and subject to denial on all grounds asserted. Accordingly, an Order of Dismissal and Judgment will be entered.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits,"

**MEMORANDUM DECISION AND ORDER - 8**

but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has denied Petitioner's claims on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the merits of the claims and on the procedural issues, and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), within thirty (30) days after entry of this Order.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED and DISMISSED with prejudice.
2. Petitioner's Motion to Expedite (Dkt. 9) is DENIED as MOOT.
3. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **November 7, 2011**



_____
~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 10**